Seibel, J. KY

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/6/2016
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

KIM M. MARTIN,                                    Case No. 15-cv-7715 CS

           **Plaintiff,**                           **STIPULATION OF SETTLEMENT,**
                                                  **GENERAL RELEASE AND**
    vs.                                     **ORDER OF DISMISSAL**

**COUNTY OF SULLIVAN,**                           MEMO ENDORSED
        **Defendant.**
-------------------------------------------------------x

      STIPULATION OF SETTLEMENT, GENERAL RELEASE AND ORDER OF

DISMISSAL ("Agreement") made by and between Plaintiff Kim M. Martin ("Plaintiff") and

Defendant County of Sullivan ("Defendant"):

      WHEREAS, Plaintiff commenced the above-captioned action by filing a Complaint on or

about September 30, 2015 (the "Complaint"), asserting, *inter alia*, claims against Defendant

County of Sullivan claiming a violation of 42 USC §1983 by the County of Sullivan in that the

County of Sullivan by policy, practice, and custom engaged in retaliation against her; and

      WHEREAS, the claims and allegations in the Complaint, together with the claims and

allegations in all related filings and proceedings, constitute "the Action"; and

      WHEREAS, Defendant County of Sullivan including but not limited to present and

former officials, employees, and agents, whether in their individual or official capacities

expressly deny any wrongful conduct or liability, or violation of any federal, state, or local

statute, ordinance, or law in the Action whatsoever, and also deny that they caused Plaintiff to

suffer any damages; and

      WHEREAS, the undersigned parties hereto desire to fully resolve the claims asserted in

the Action and any and all other disputes between them, whether known or unknown, without

further litigation and without admission of fault or liability; and

1

WHEREAS, as Plaintiff has filed a Worker's Compensation Claim, Case ##WCB G0747239 against the County of Sullivan claiming damages.

NOW, THERFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Agreement, the undersigned parties hereby stipulate and agree, and the Court orders, as follows:

1.     **Dismissal of the Action with Prejudice:**  The Action and all claims asserted therein – or which could have been asserted therein based on allegations made in the Complaint or otherwise – are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2(a) of this Agreement and which also includes a resolution of Plaintiff's Worker's Compensation claim as set forth in Paragraph 2(b) of this Agreement.

2.     **Payments to Plaintiff and Plaintiff's Attorneys:**

(a)     For and in consideration of Plaintiff's execution of this Agreement, her agreement to be bound by its terms, and her undertakings as set forth herein, including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, including the payment made to Plaintiff, Plaintiff's counsel and the resolution of Plaintiff's Workers' Compensation Claim, the sufficiency of which is hereby acknowledged. Defendant shall pay to Plaintiff the sum of $50,000.00 and to Michael Sussman, Esq., Plaintiff's attorney, the total sum of $25,000.00 in full and complete satisfaction of all claims, allegations, or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Defendant, whether in their individual or official capacities, arising out of conduct, acts, or omissions prior to, up to, and including the date of this Agreement including, but not limited to, those alleged in the Action.

Said payment by Defendant, to Plaintiff of the sum of $50,000.00 and on behalf of Plaintiff to Plaintiff's attorney of the sum of $25,000.00 for which an IRS Form 1099 shall be issued, along with the resolution of Plaintiff's Workers' Compensation Claims is in full and complete satisfaction of any and all claims, allegations, or causes of action seeking (1) compensatory damages (including, but not limited to, pain and suffering, mental and emotional anguish and trauma, reputational damages, punitive damages, and liquidated damages) and (2) attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted in the Action except as for payments set forth in ¶2(b).

(b) **Workers' Compensation Claim Resolution.** This settlement is contingent upon the execution by the parties of a Full and Final Section 32 Settlement in Workers' Compensation Board Case #WCB G0747239 in the amount of $125,000.00, reserving the Self Insurer's rights of the County of Sullivan under Section 29 of the Workers' Compensation Law, the required hearing before a Workers' Compensation Law Judge, and the Workers' Compensation Board's ultimate approval of said settlement.

(c) Any payments required to be made pursuant to this Stipulation of Settlement shall be remitted upon both this Stipulation of Settlement being "So Ordered" by the Court and within forty-five (45) days of obtaining the final approval of the Workers' Compensation regarding the Section 32 settlement.

3.    **Liability of Plaintiff for Taxes:**  It is understood and agreed that any taxes, or interest or penalties taxed, on the settlement amounts specified in Paragraph 2 of this Agreement

shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right, or cause of action against Defendant on account of such taxes, interest or penalties; Plaintiff agrees that she will defend, indemnify, and hold harmless Defendant for the satisfaction of any such taxes, or interest or penalties on taxes.

    4.    **General Release:**  For an in consideration of the settlement amounts referenced in Paragraph 2 and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Agreement, Plaintiff, on behalf of herself, her heirs, executors and administrators, successors and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges the County of Sullivan, its agencies, department and subdivisions thereof; and all of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities) (collectively, "the Released Parties") from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Agreement, including, but not limited to: (1) any and all claims regarding or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaint or otherwise in the Action; (2) any and all claims regarding or arising directly or indirectly from either Plaintiff's employment and/or association with any of the Released Parties or the terms and conditions of

4

her employment and/or association with any of the Released Parties; (3) any and all claims of harassment, hostile work environment, retaliation or discrimination based upon disability, age, race, color, national origin, ancestry, religion, marital status, sex, sexual orientation, citizenship, military service, status or medical condition; (4) any and all claims under federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including, but not limited to, claims pursuant to 42 U.S.C. §§1981-1988, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., the Equal Pay Act of 1963, 29 U.S.C. §206(d), the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621-634, the Rehabilitation Act of 1973, 29 U.S.C. §794 et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., the New York State Human Rights Law, N.Y. Exec. Law §296 et seq., the New York City Human Rights Law, the New York State Labor Law §651 et seq., N.Y. Lab. Law §663 et seq., N.Y.C. Admin. Code §8-101 et seq., the United States Constitution, the New York State Constitution, the New York City Charter, and any other federal, state or local law; (5) any claims of retaliation for participation in a protected activity and/or engaging in any activity protected under any federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders; (6) any and all claims for salary, bonuses, severance pay, vacation pay, sick pay, incentive pay or other compensation, or any non-vested retirement, pension, or savings plan benefits; (7) any and all grievances pursuant to any applicable collective bargaining agreement; and (8) any and all other claims, whether for moneys owed, damages (including, but not limited to, claims for equitable relief, compensatory, punitive, or other damages), breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, tortious interference with contract, tortious interference with business relations, tortious interference with prospective

contractual relations, tortious inference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other claims under federal, state, or local law relating to employment, discrimination, retaliation, or otherwise. This General Release also includes a waiver and release of any and all claims related to any allegations made or which could have been made before the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, and/or the New York City Commission on Human Rights, as well as any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Agreement.

5.  **Current Employment:**       Plaintiff agrees to immediately, upon execution of this settlement agreement, resign from her employment with the County of Sullivan.

6.  **Future Employment:**       Plaintiff agrees that she will not seek, apply for, or accept employment or contracted work at the County of Sullivan (including, but not limited to, any and all divisions, units, or related entities thereof) at any time in the future, and hereby waives any claim, right, or cause of action that may accrue to her from rejection of any application for employment, promotion, or contracted work at the County of Sullivan (including, but not limited to, any and all other divisions, units or related entities thereof) that may have been submitted prior to the date of this Agreement. In the event that Plaintiff seeks, applies for, or accepts employment or contracted work at the County of Sullivan (including, but not limited to, any and all divisions, units, or related entities thereof) at any time in the future, and initiates any form of legal claim, action, or proceeding against the County of Sullivan (including, but not

limited to, any and all other divisions, units or related entities thereof) based upon such employment or contracted work, or the rejection of any application for employment or contracted work, Plaintiff agrees that such claim, action, or proceeding will be null and void and subject to immediate dismissal with prejudice pursuant to this Agreement.

7. **Employment References:**   County of Sullivan agrees that it will respond to written requests from prospective employers for information concerning Plaintiff's employment at the County of Sullivan as specified in this Paragraph 6. Plaintiff agrees to instruct all prospective employers seeking information concerning Plaintiff's employment at the County of Sullivan that the County shall provide and/or confirm only the following information: (a) the dates of Plaintiff's employment at the County of Sullivan, and (b) the positions Plaintiff held while employed at the County of Sullivan. Plaintiff acknowledges that the County of Sullivan (including, but not limited to, the County of Sullivan and any and all other divisions, units, or related entities thereof) shall not be liable for breach of this provision if any employee of the County of Sullivan (including, but not limited to, any and all other divisions, units, or related entities thereof) other than the County of Sullivan's Director of Human Resources provides any information or opinions about Plaintiff and or her job performance at the County of Sullivan to a prospective employer of Plaintiff.

8. **Non-Disclosure Clause:**   The Parties therefore agree for themselves, their agents, attorneys, successors, heirs, administrators, representatives and assigns and all related or affiliated person, that they shall not directly or indirectly disclose, divulge, communicate, display, publish, or reveal the provisions of this Stipulation of Settlement through any medium, either orally or in writing, including, but not limited to electronic mail, television or radio, computer networks or internet bulletin boards, blogs, social media, such as Facebook, LinkedIn,

or Twitter, or any other form of communication to any third party whatsoever except as required by law, or Order of Court, or, regarding the County of Sullivan as a result of any Freedom of Information request. Additionally, excepted are the following in regard to Plaintiff: Plaintiff's counsel, immediate family or spouse or when such disclosure is required by a subpoena issued by a Court of competent jurisdiction and except as required by law or order of Court. Plaintiff acknowledges that this representation constitutes a material inducement for Defendant to enter into this Agreement. Plaintiff agrees to cooperate with the County of Sullivan to the extent there are future inquiries made of, or related to, the matters about which she complained and which formed the basis of her complaint.

9. **Non-disparagement Clause:**

(a)     Plaintiff represents, covenants and agrees that she will not at any time, through any medium, either orally or in writing, including but not limited to, electronic mail, television or radio, computer networks or Internet bulletin boards, blogs, social media, such as Facebook, LinkedIn, or Twitter, of any other form of communication, disparage, defame, impugn, damage or assail the reputation, or cause or tend to cause the recipient of a communication to question the business condition, integrity, competence, good character, professionalism, or product quality of the County of Sullivan, its officials, employees or business practices as applicable whether by virtue of this Stipulation of Settlement or any of the details covered by this Stipulation of Settlement.

(b) Defendant County of Sullivan, solely as to the Legislature, County Manager and Commissioner of Sullivan County Division of Health and Family Services, represents covenants and agrees that they will not at any time, through any medium, either orally or in writing, including but not limited to, electronic mail, television or radio, computer networks or

Internet bulletin boards, blogs, social media, such as Facebook, LinkedIn, or Twitter, of any other form of communication, disparage, defame, impugn, damage or assail the reputation, or cause to tend to cause the recipient of a communication to question the business condition, integrity, competence, good character, professionalism, of the Plaintiff, whether by virtue of this Stipulation of Settlement or any of the details covered by this Stipulation of Settlement, except as required by law or order of the court.

10. **Breach:** A breach of any of the terms set forth in this Agreement, including Paragraphs 8 and 9 above, will result in either party seeking an Order of contempt against the other by application to this Court and a request to this Court for an appropriate remedy.

11. **No Other Action or Proceeding Commenced:** Other than the Action, and the Workers' Compensation claim, Plaintiff represents and warrants that she had not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendant (including, but not limited to, any of County of Sullivan's officials, employees, or agents, whether in their individual or official capacities, and any and all divisions, units, or related entities thereof) on her own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative agency, and acknowledge that this representation constitutes a material inducement for Defendant to enter into this Agreement.

12. **Medicare and Medicaid Liens:** By signing this Agreement, Plaintiff represents that she is not a recipient of Medicare or Medicaid and is not subject to any Medicare or Medicaid liens. To the extent that any Medicare benefits have been or will be paid by Medicare on Plaintiff's behalf, Plaintiff understands and agrees that it is Plaintiff's sole

responsibility to reimburse Medicare for any payments for which Medicare seeks and is entitled to reimbursement. Plaintiff also agrees to indemnify and hold harmless the Defendant, their insurers and attorneys, for any reimbursement sought by Medicare from them with respect to medical care allegedly related to treatment arising from any claimed injuries which are the subject of this Agreement. Plaintiff waives any private right of action against Defendant, their insurers and attorneys, relating to any payments for which Medicare seeks reimbursement from Plaintiff.

13.     **No Other Attorney:** The undersigned attorneys for Plaintiff represent and warrant that there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law §475 or otherwise in this Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted in the Action, except as set forth in Plaintiff's Workers' Compensation Claim. The undersigned attorneys for Plaintiff agree to defend, indemnify, and hold harmless Defendant (including, but not limited to, any of the County of Sullivan's officials, employees, or agents, whether in their individual or official capacities, and any and all divisions, units, or related entities thereof) from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action, except as set forth in Plaintiff's Workers' Compensation Claim.

14.     **No Prevailing Party:** Neither Plaintiff nor Defendant shall be deemed a "prevailing party" for any purpose, including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

15. **Successors and Assigns:**    The terms and conditions of this Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

16. **Authority:**    Each signatory to this Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

17. **Voluntary Agreement:**    Each of the parties hereto executes and delivers this Agreement voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, contents and effect. Each of the parties hereto acknowledges that he, she or it is aware, and is advised, of his, her or its right to seek the advice of an attorney and that he, she or it has been represented by counsel of his, her or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

18. **No Admission of Liability:**  It is understood and agreed that any actions taken or payments made pursuant to this Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims which have been or could have been asserted in the Action. Nothing contained in this Agreement shall be deemed to constitute a policy, practice, or custom of Defendant (including, but not limited to, any of the County of Sullivan's officials, employees, or agents, whether in their individual or official capacities, and any and all divisions, units or related entities thereof).

19.   **No Precedential Value:**   This Agreement shall not in any manner be construed as determinative of the issues or claims raised, or which could have been raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Agreement shall not bind collaterally Defendant (including, but not limited to, any of the County of Sullivan's officials, employees, or agents, whether in their individual or official capacities, and any and all divisions, units, or related entities thereof) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

20.   **Execution by Plaintiff's Husband:**   This Stipulation of Settlement, General Release and Order of Dismissal is also being executed by Christopher Martin, husband of Plaintiff, to acknowledge his agreement and his compliance with each and every term of said Stipulation of Settlement and to acknowledge his agreement to abide by all of the terms of this Stipulation of Settlement and to acknowledge his release of any and all claims that he might have based upon the institution of this action by his wife, Kim Martin.

21.   **Entire Agreement:**   This Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

22.   **Governing Law:**   The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be

performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims pursuant to Paragraph 4 of this Agreement.

23.   **Severability:** If any provision of this Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable, in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

24.   **Headings:**   The headings contained in this Agreement are for convenience of reference only and are not a material part of this Agreement.

25.   **Execution:**   This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one Agreement, and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Agreement and accept and agree to the provisions contained herein, and have each executed this Agreement to be effective on the day and date indicated below.

**THIS AGREEMENT INCLUDES A RELEASE**
**OF ALL KNOWN AND UNKNOWN CLAIMS**

Dated: April 27, 2016

KIM M. MARTIN

Dated: April 27, 2016

Christopher MARTIN

13

STATE OF NEW YORK )
                           ) SS:
COUNTY OF Orange )

       On the 27 day of April, 2016, before me, the undersigned, personally appeared **KIM M. MARTIN**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that (s)he executed the same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                      Notary Public

STATE OF NEW YORK )
                           ) SS:
COUNTY OF Orange )

GERYL L. PRESCOTT
Notary Public, State of New York
No. 01PR6014620
Qualified in Rockland County
Commission Expires Oct. 19, 20 18

       On the 27 day of April, 2016, before me, the undersigned, personally appeared Christopher **MARTIN**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that (s)he executed the same in her/his capacity, and that by her/his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

GERYL L. PRESCOTT
Notary Public, State of New York
No. 01PR6014620
Qualified in Rockland County
Commission Expires Oct. 19, 20 18

                                   Notary Public

Dated: April __, 2016
          Goshen, New York

SUSSMAN & WATKINS
Attorneys for Plaintiff

By: _____
       Michael Sussman, Esq.

Dated: ~~April~~ May 2, 2016
          Monticello, New York

DREW, DAVIDOFF & EDWARDS
LAW OFFICES, LLP
Attorneys for Defendant

By: _____
       Michael Davidoff, Esq.

14

Dated: May 5 , 2016

"SO ORDERED":

_Cathy Seibel_

Honorable Cathy Seibel, USDJ

The Clerk shall close the case.